This brings the case directly within the inhibition of section 73 of the Code of Civil Procedure, and the action cannot be maintained by the plaintiff. Browning v. Marvin, 100 N. Y. 144, 2 N. E. 635; Fay v. Hebbard, 4 N. Y. St. Rep. 485.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

TOPKEN et al. v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Term. May 19, 1904.)

1. MUNICIPAL COURTS—DEPOSITIONS—COSTS—DISBURSEMENTS.

Where a foreign deposition was taken in an action in a municipal court, defendant was not entitled to tax as part of the costs of the case a sum charged by foreign attorneys for "professional services" rendered defendant on the execution of the commission.

2. SAME—ATTENDANCE—WITNESS.

A charge for the attendance of witnesses in the Municipal Court cannot be allowed as costs in the absence of affidavits stating the actual number of days the witnesses attended, as required by Municipal Court Act, Laws 1902, p. 1589, c. 580, § 344.

Appeal from Municipal Court.

Action by Melchior F. Topken and others against the Cunard Steamship Company, Limited. From a Municipal Court judgment in favor of defendant, and from an order denying plaintiffs' motion for retaxation of costs, they appeal. Modified.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Baggott & Ryall, for appellants.
Lord, Day & Lord, for respondent.

FREEDMAN, P. J. This is an appeal by the plaintiffs from a judgment rendered in the Municipal Court against the plaintiffs upon a discontinuance of their action therein, and also from an order denying plaintiffs' motion for a retaxation of costs. The costs in the action, as presented by the defendant for taxation to the clerk, contained the following items:

| | | |
|---|---|---|
| Costs on discontinuance | $ 7 50 | |
| Interrogatories to annex to commission | 10 00 | |
| | | 17 50 |

#### Disbursements.

| | | |
|---|---|---|
| Affidavits and acknowledgments | $    24 | |
| Attendance of following witnesses: | | |
|     John Dick | 65 | |
|     Thomas Prior | 65 | |
|     Frances McKensie | 65 | |
| Costs of taking foreign commission | 50 00 | |
| | | 52 19 |
|     Total | | $69 69 |

Upon the taxation the clerk struck out the item of $10 charged for interrogatories, and taxed the costs at $59.69.

Attached to the bill of costs thus presented for taxation was the affidavit of the managing clerk of the defendant's attorney, who testified

that "the foregoing disbursements are reasonable in amount, and have been made in the action, or will be necessarily incurred therein, to the best of his knowledge and belief." As a basis for the item of disbursements charged in the bill of costs as "cost of taking foreign commission, $50," the defendant presented a bill from "Hill, Dickinson & Co.," of Liverpool, England, against the defendant, as follows:

"Messrs. Cunard Steamship Co., Limited.
"To Hill, Dickinson & Co.
"Topken, Topken and ano., vs the Co.

1903
Nov.  Charge for professional services in connection with the execu-
      tion of the commission to take evidence of the witness Cristy.. £10.10
      Paid postage ..................................................... 2/6
                                                                        ————
                                                                        £10.12/6

After the costs were taxed at $59.69, the appellants made a motion for a review of such taxation under section 342 of the Municipal Court Act, Laws 1902, p. 1589, c. 580. Upon the review the judge denied the appellants' motion, except to reduce the item of $50 to the sum of $25, and determined that the defendants were entitled to the sum of $34.69 costs and disbursements.

The appellants conceded their liability for $7.50, and paid the clerk of the court that amount prior to any taxation of costs. The item of $50 claimed to have been the "cost of taking foreign commissions," and the item of $1.95 for attendance of the three witnesses named, were improperly allowed.

As to the item of $50, aforesaid, the bill rendered and forming the basis for that charge clearly shows that it was for "professional services" rendered the defendants, and such services constitute no part of the sum to be allowed a successful party as "disbursements." There was no proof that such sum was actually paid, or that it was paid to the commissioner who took the deposition of the witness in England. That the plaintiffs consented to the issuing of a commission and proposed interrogatories to be put to the witness named therein is no ground for charging the plaintiffs for "professional services" rendered the defendant upon its execution. The charge for attendance of witnesses was improperly allowed for the reason that section 344 of the Municipal Court act provides "that a charge for the attendance of a witness cannot be allowed without an affidavit, stating the number of days of his actual attendance," etc. This section was not complied with.

The judgment herein is modified by striking therefrom the item of $25 and the item of $1.95, and, as thus modified, affirmed, with costs to the appellant. All concur.